UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil No.: 8:14-cv-02341-SDM-EAJ |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 72.184.248.129, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

1. "When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Fed. R. Civ. P. 6(b). Good cause for failure to serve exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll Cnty. Commis.*, 476 F.3d 1277, 1281 (11th Cir. 2007). However, even if "a plaintiff fails to show good cause for failure to serve the defendant, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *In re Traysol Prods. Liab. Litig.–MDL–1928*, 503 Fed.Appx. 850, 857 (11th Cir. 2013) (quoting *Lepone–Dempsey*, 476 F.3d at 1282).

2. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

1

3. On December 2, 2014, Plaintiff was granted leave to serve a third party subpoena on Defendant's ISP, Road Runner/ Time Warner Cable, to obtain the Defendant's identifying information [CM/ECF 6]. Plaintiff issued the subpoena on December 2, 2014, and is expecting to receive the response on January 16, 2015.

4. However, Plaintiff has been in contact with opposing counsel and had a lengthy phone conference on January 13, 2015. Unfortunately, counsel did not reach an agreement and was unable to resolve this matter. Upon concluding the phone conference, opposing counsel advised they will be filing a Motion to Dismiss/ Quash the subpoena promptly.

5. Pursuant to the Rule 4 (m) Plaintiff is required to effectuate service on Defendant by January 15, 2015. Due to Plaintiff not knowing the identity of the Defendant and therefore was unable to serve.

6. Accordingly, good cause exists to grant the instant motion.

7. Procedurally, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended by forty five (45) days or until March 2, 2015.

8. This extension is not for unjust delay and will not jeopardize the Defendant in any way.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended forty five (45) days or until March 2, 2015. A proposed order is attached for the Court's convenience.

Dated: January 14, 2015

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *M. Keith Lipscomb*