UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                Case No: 8:14-CV-2341-T-23EAJ

JOHN DOE, subscriber assigned

IP address 72.184.248.129,

    Defendants.
_____/

**SPECIAL APPEARANCE MOTION TO QUASH SUBPOENA, MOTION FOR PROTECTIVE ORDER, MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION, AND MEMORANDUM OF LAW**

    COMES NOW Defendant, JOHN DOE, subscriber assigned IP address 72.184.248.129 ("JOHN DOE") by and through the undersigned counsel, who hereby files this Special Appearance Motion to Quash Subpoena, Motion for Protective Order, Motion to Dismiss for Failure to State a Cause of Action, and Memorandum of Law, against Plaintiff Malibu Media, LLC ("MALIBU" or "Plaintiff"), and would show as follows.

**I.    Introduction and Factual Background.**

1. On September 17, 2014, Plaintiff filed its original, single count Complaint-Action For Damages For Property Rights Infringement and Demand for Jury Trial ("Complaint") **(Dkt. # 1)** in the U.S. District Court, Middle District of Florida, Tampa Division, alleging copyright infringement upon MALIBU's claims of copyright ownership of certain motion pictures, allegedly obtained using a file-sharing protocol known as BitTorrent. (Compl. ¶ 33.)

2. On December 1, 2014, MALIBU filed Plaintiff's Motion For Leave To Serve a Third Party Subpoena Prior To Rule 26(f) Conference **(Dkt. # 5)** ("Discovery Motion").

3. On December 2, 2014, this Honorable Court entered its Order Granting Plaintiff's Motion For Leave To Serve a Third Party Subpoena Prior To Rule 26(f) Conference ("Discovery Order") **(Dkt. # 9)** allowing MALIBU to subpoena Defendant's non-party Internet Service Provider ("ISP") seeking release of JOHN DOE's privileged "name, address, telephone number."

4. Defendant received correspondence from Bright House Networks, an ISP, dated December 5, 2014, asserting that pursuant to the copy of a subpoena attached thereto, entitled, "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" (Exhibit "A" hereto) issued under the U.S. District Court for the Middle District of Florida, Bright House Networks will disclose to MALIBU's counsel in Miami, Florida, prior to January 16, 2014, Defendant's privileged information including his or her "name, address, and other information," in compliance with the Discovery Order **(Dkt. #9)**

5. Reading MALIBU's Complaint in a light most favorable to MALIBU, it describes BitTorrent as a "peer-to-peer file sharing system used for distributing large amounts of data" (Compl. ¶ 11) whereby "[u]sers then exchange these small bits among each other instead of attempting to distribute a much larger digital file." (Compl. ¶ 13) MALIBU's Complaint describes the BitTorrent protocol in detail. (See generally Compl. ¶¶ 11-17)

6. MALIBU pleads that "BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent Users as they engage in file sharing." (Compl. ¶ 16)

7. MALIBU demands "statutory damages" pursuant to 17 U.S.C. § 504.

8. MALIBU failed to plead that it has no adequate remedy at law, yet seeks statutory monetary damages.

9. Plaintiff requests the court to "[p]ermanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works," but fails to join the alleged other persons in this lawsuit. (Compl. p. 7, Wherefore Clause, ¶ A)

10. Defendant timely makes this special appearance to bring forth these motions and memorandum of law.

11. This special appearance is not to be construed as a general appearance by undersigned counsel under Local Rule 2.03(a), or by JOHN DOE, who has not been subject to service of process in this action.

12. Defendant retained the undersigned attorney as a result of Plaintiff's Complaint, and is obligated to pay its attorney a reasonable fee for services rendered and costs incurred in bringing forth these motions.

13. Title 17 U.S.C. § 505 provides that in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs.

**ARGUMENT**

II.     **Motion to Quash Subpoena or Enter a Protective Order Avoiding the Subpoena**

    A. **Motion to Quash Subpoena Requesting Release of this Internet Subscriber's Name, Address, Telephone Number.**

MALIBU alleges that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A." (Compl. ¶ 20.) If Plaintiff had not plead this premise, which is denied, the rest of MALIBU's infringement allegations would absolutely fail. However, the Court accepted this pleading as fact, *ex parte*, when granting MALIBU's Discovery Motion, to the detriment and prejudice of the Defendant, who should now

have an opportunity to be heard in defense of such allegation prior to allowing the Subpoena to go forward.

MALIBU's Complaint alleges that "Plaintiff only knows Defendant by his, her or its IP Address." (Compl. ¶ 9) In fact, Bright House Networks uses a dynamic IP address system, such that at the time of the alleged infringement the IP address may have been reassigned to a different internet user. MALIBU wrongfully equates the subscriber of the Internet service to the alleged infringer. In an Order entered by United States District Judge Samuel Conti on November 30, 2011, in the United States District Court, Northern District of California, the court held:

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. For example, '[ISP] subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works' (citing Third Degree Films v. Does 1-3,577, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011)). By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, 'Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1-3036, No. 11–4220 SC, 2011 WL 6002620, Order Granting in part Plaintiff's Ex Parte Application For Leave To Take Expedited Discovery, Severing Doe Defendants 2-3036 From Action, And Dismissing Claims Against Doe Defendants 2-3036, at *7-8 (N. D. Cal. Nov. 30, 2011) (citing Hard Drive Prods., Inc. v. Does 1-130, 2011 WL 5573960, at *2 (N.D. Cal. Nov. 16, 2011)). In, In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation (E.D.N.Y. May 1, 2012) the court noted that:

> An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones. . . . Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal

  downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call.

Id. at *6. Many similar motions to quash have been granted.[1] Accordingly, it would be proper for this Court to quash the Subpoena or enter a protective order avoiding it.

> **B. Motion for Protective Order to Allow a Limited Opportunity for Defendant to be Heard in Opposition to *Ex Parte* Motion Practice.**

The Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011); see also Farnsworth v. Proctor & Gamble Co., 758 F. 2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. Farnsworth, 758 F. 2d at 1548. Specifically, this Court is authorized to issue such a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D).

There is a comprehensive documented history of the abusive and harsh litigation tactics used by this Plaintiff to extract settlements from John Doe defendants as noted by Magistrate Judge Gary R. Brown in his Order & Report & Recommendation. In Re: BitTorrent Adult Film Copyright Infringement Cases. Further, because of the sensitive nature of the work courts have distinguished copyright cases regarding pornographic films. Courts have found that "subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle"

---

[1] See e.g., In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation at * 8 (E.D.N.Y. May 1, 2012); In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation at * 8 (E.D.N.Y. May 1, 2012); Patrick Collins v. Does 1-1219, 2010 WL 5422569 (N.D. Cal. Dec. 28, 2010); On the Cheap v. Does 1-5011, No. CIO-4472BZ (N.D. Cal. Sep. 6, 2011); Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, (N.D. Cal. Aug. 23, 2011).

Digital Sin, 2012 WL 263491, at *3 this concern, and its potential impact on social and economic relationships, could compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement. SBO Pictures, 2011 WL 6002620, at *3. As an alternative courts have chosen to limit early discovery to names and addresses and provide the information sought to the Court, not the plaintiff. In Re: BitTorrent Adult Film Copyright Infringement Cases.

Under the circumstances of this action it would be reasonable for the Court to enter a protective order prohibiting the public disclosure of Defendant's identifying information until such time as the Plaintiff can further collaborate whether the Internet subscriber is the actual alleged infringer and until such time as the Defendant can be heard in defense of disclosure.  A complete protective order from the Court's *ex parte* ruling is needed to protect the Defendant from undue harm and embarrassment that could result from the release, inherent in a public accusation of copyright infringement of pornographic material. Such would be highly damaging and stigmatizing to this Defendant, or call into question the Defendant's character, thereby endangering current and future employment.  In addition, the stigma and reputational damage would likely endure even after the Defendant was able to prove the falsity of Plaintiff's claims. Thus, a complete protective order staying release of Defendant's personal information and an opportunity for Defendant to be heard in defense of disclosure is warranted.

**C.  Alternative Motion for Protective Order only Permitting Release Under Seal.**

In the alternative, under the circumstances of this action it would be reasonable for the Court to enter a protective order prohibiting public disclosure of Defendant's identifying information, but allowing release only under seal. In Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., the court noted that a Defendant may "move for a protective order if the subpoena seek[s] irrelevant information." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231

F.R.D. 426, 429 (M.D. Fla. 2005).  There is no basis of relevancy upon which Defendant's identifying information should be released, except to assist the Plaintiff, and only the Plaintiff, to identify the alleged infringer it seeks.  Thus, release, if any, of the information Plaintiff requests by way of the Subpoena should be restricted to use by the Court and by Plaintiff to perfect service of process, only.  In Romero v. Drummond Co., the court articulated the good cause standard that is necessary for determining if documents should be sealed:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted).  Plaintiff fails to demonstrate good cause for an untethered disclosure of Defendant's privileged information, such that if release is to be made for the benefit of Plaintiff, it should be made under seal for the benefit of Defendant, until such time as its relevancy is proved.

### III.   A Special Appearance to Argue that the Subpoena Should be Quashed Because this Suit must be Dismissed for Failing to State a Cause of Action.

#### A.  A Special Appearance does not Waive Defects in Jurisdiction.

Without admitting that this Court has jurisdiction over this action or this Defendant, JOHN DOE, makes this special appearance, through counsel, solely to argue that a plain reading within the four-corners of the Complaint reveals that this action should be dismissed or the summons be quashed for improper joinder, and for failure to state a cause of action upon which relief can be granted. Therefore, JOHN DOE moves to quash or seek a protective order avoiding the Subpoena issued under the Discovery Order. **(Dkt. #3)**  A defendant may enter a special appearance to contest jurisdiction without being subject to the jurisdiction of the court.  Burger King Corp. v. MacShara,

724 F. 2d 1505, 1509 (11th Cir. 1984). Local Rule 2.03(a) permits such special appearance where it is expressly stated to be of such nature, as it is here.

### B. Motion to Dismiss: Failure to Join Required Indispensable Parties or in the Alternative Failure to Plead Reasons for Non-Joinder; Failure to Plead Concerted Action; Estoppel.

This action is improper because Plaintiff fails to join the other alleged swarm members, as necessary parties, who participated in the same transaction or occurrence, and who would be (viewing Plaintiff's complaint in a light most favorable to the complainant) joint and severally liable to the plaintiff for their concerted action. Federal Rule of Civil Procedure 19(a) states:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Federal Rule of Civil Procedure 19(a).

In the present case, Plaintiff pleads that JOHN DOE and other unnamed swam members participated in the same transaction or occurrence by collaborating to download a single film from multiple file bits. The unnamed defendants are the Internet users who "directly interact[ed] with each other in order to distribute a large file" i.e., a singular digital movie. (Compl. ¶ 12) As alleged by the Plaintiff, the "users" then exchange[d] small bits among each other . . . ." (Compl. ¶ 13) No single member of the swarm distributed the entire file but rather bits of the same copy of each file

making these swarm members are indispensable parties required for full and complete relief, and to avoid double recovery and duplicitous litigation.

Plaintiff seeks duplicative recovery by filing individual lawsuits against individual swarm members purporting to arise from the same transaction and occurrence. (In this case, Plaintiff alleges that 21 movies were infringed upon, thus, 21 transactions occurred.) It is undisputed that Plaintiff is suing across the state and across the nation in multiple infringement actions for one movie download, "a digital media file." (Compl. ¶ 17) Defendant has identified at least one member of the same swarm (same film and same day) correlating to the movie titled, *So Young*, unequivocally assigned the exact same file hash as Plaintiff sues under in this case for, *So Young*, to wit: file hash # 2DD8681E585A4C365B2BC5C1FDF5D642B1A3CABF[2] who the Plaintiff has filed a separate lawsuit against in the South District of Ohio, Case No: 3:14-cv-150, on May 14, 20`14. (Composite of Case No. 3:14-cv-150 and its Exhibit "A" is attached hereto as Exhibit "B.") By filing a lawsuit in Ohio against the same swarm Plaintiff is estopped from bringing the duplicative action to the Middle District of Florida.

In the alternative, should the Court find that the non-joined swarm members are necessary parties rather than indispensable parties, the Court must further find that Plaintiff failed to provide any reason for non-joinder, as required under Federal Rule of Civil Procedure 19(c)(2). When asserting a claim for relief, a party must state the reasons for not joining that person. Id.

"The entirety of the digital media file also has a unique cryptographic hash value ('file hash'), which acts as a digital fingerprint identifying that digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent

---

[2] Compare file hash in Plaintiff's Ohio lawsuit, said Exhibit "A" thereto, to the file hash to Plaintiff's Florida lawsuit said Exhibit "A" thereto, and the court will find they are identical.

software uses the file hash to determine that the file is complete and accurate." (Compl. ¶ 17) Thus, Plaintiff's contention that each complete digital movie file is the result of BitTorrent protocol users cumulative actions is tantamount "to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" Federal Rule of Civil Procedure 20(b), for which Plaintiff would have a right to assert claims for relief against each swarm member, joint and severally. Indeed, Plaintiff's failure to plead joint and several liability is an improper attempt to be made greater than whole. Non-cumulative joint and several liability cannot stand and therefore Plaintiff's subpoena must be quashed and its complaint dismissed.

Plaintiff would not be prejudiced if this action was dismissed parties for failure to join required parties, or if its subpoena was quashed, because Plaintiff can identify the other swarm members using the same technology that allegedly identified JOHN DOE, then join the purported defendants under Rule 20(b) and otherwise proceed under the Federal Rules of Civil Procedure. While on the contrary, Defendant JOHN DOE would be prejudiced if this action were to continue in the absence of the required parties, particularly because the risk of being subject to liability for substantially more than his alleged proportionate share of the infringements.

**C. Plaintiff Seeks Damages above that which would Make it Whole.**

By suing individual swarm members in multiple lawsuits Plaintiff seeks damages above that would make it whole. The court cannot permit Plaintiff to pursue individual private causes of action based on the download of a single digital file, based on concerted action, and then seek individual, non-joint maximum statutory damages from each defendant without setoff (Compl. p. 7, Wherefore Clause, ¶ D.) This is in derogation of the statute under which damages are pleaded, 17 U.S.C. §504(c). "An award of statutory damages for all infringements involved in the action,

with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." Id.

Plaintiff seeks recovery of statutory damages under 17 U.S.C. §504(c). However, section 504(c) only allows

> "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally."

Each copy of the plaintiff's copyrighted work is identified by the unique cryptographic hash value. Defendant allegedly only copied and redistributed "bits" or just pieces of the specific file with the totality of the swarm. Again, the Defendant has identified at least one exemplar of a member of the same alleged swarm being sued for the same film, *So Young,* on the same day, using the same unique file hash, under a separate action in the South District of Ohio, Case No: 3:14-cv-150. This is improper.

Under a same transaction or occurrence or joint and several liability theory, Plaintiff must disclose all individual settlements to the non-settled swarm members. In re Chene, 236 B.R. 69, 73 (Bankr. M.D. Fla., 1999) ("Although each responsible person is [joint and severally] liable for the entire amount of the unpaid withholding tax, the IRS does not recover more than 100 percent of the underlying tax.").

Section 504 provides, with regard to actual damages, that "in establishing the infringer's profits, the copyright owner is required to present proof only of the **infringer's gross revenue**, and the infringer is required to prove his or her deductible expenses . . . ." 17 U.S.C. § 504(b) (emphasis added). And, Section 504 provides, with regard to statutory damages, that **with respect to any one work**, for which any one infringer is liable individually, or for which any two or more

infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1) (emphasis added).

Under joint and several liability damages are limited to a single amount calculated to make the Plaintiff whole or a single statutory limit, with each individual defendant being responsible for an undivided portion of the whole, subject to division based on prior or like contributions. U.S. v. Page, 69 F.3d 482, 494 (11th Cir. 1995). "Because of the joint and several nature of the restitution imposed by the district court, the district court could not at the same time also provide that the monies paid by one defendant could not be credited toward the restitution obligations of the other defendants." Id. Thus, Plaintiff's action for joint and several damages requires joinder of all swarm members, and disclosure to each defendant of all amounts received thus far from other defendants who have contributed to the alleged infringement of the single file/swarm. Anything short of full disclosure could result in duplicate recovery.

MALIBU seeks damages above that which would make it whole. **Accordingly, Plaintiff may only seek damages per <u>swarm</u>, not per <u>defendant</u>.** Moreover, it is not out of the realm of possibilities that Plaintiff may have already been made whole by alleged members of this swarm prior to bringing this action. It is well-known that Plaintiff has filed similar lawsuits across the nation. Upon information and belief, Plaintiff has already settled all or a portion of the claims with other "peers" in the same "swarm" it sues for here. As a result of pre-suit and post-suit settlements with multiple parties ("across the country or across the world"[3]) Plaintiff must disclose to the Court and to each purported defendant all compensation it has received as a result of the alleged download of the single file it now sues upon or, at a minimum, plead setoff. Plaintiff has done neither. The Eleventh Circuit Court of Appeals, ruled, by analogy, that "it is the policy of the IRS

---

[3] Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011).

to collect the delinquent tax only once." United States v. Huckabee Auto Co., 783 F. 2d 1546, 1548 (11th Cir. 1986).  "Double recovery by the government is not necessary to fulfill § 6672's primary purpose — protection of government revenues."  Id.  (quoting Brown v. United States, 591 F. 2d 1136, 1143 (5th Cir. 1979)).

To be clear, Defendant is not at this time raising the affirmative defense of election of remedies, which prevents a party from obtaining double redress for a single wrong.  The doctrine "refers to situations where an individual pursues **remedies** that are legally or factually inconsistent."  Alexander v. Gardner-Denver Co., 415 U.S. 36, 49 (1974).  (Emphasis added.)  Rather, the argument is raised to illustrate that non-joinder of necessary parties (a procedure) is inconsistent with its per-defendant damage (a remedy) claim.  In other words, each of Plaintiff's alternative remedies defeats its argument for joinder.

The 11th Circuit has held that ". . . where a party injured by a breach definitely manifests a choice of a remedy that is actually available to him, in the place of some other alternative remedy, such a manifestation will bar an action for the latter remedy, provided that the party against whom the remedy is asked made a substantial change of position in reliance on the manifestation of intention before notice of its retraction.  This makes the conclusiveness of an 'election' depend upon the existence of facts sufficient to create an 'estoppel.'"  Dunkin' Donuts of America, Inc. v. Minerva, Inc., 956 F. 2d 1566, 1577 (11th Cir. 1992).  Here, the Plaintiff has already made an election of remedies to accept undisclosed settlements severally.

In this case, the swarm can be much larger than the number of defendants sued in this action, indeed the single alleged swarm can include defendants across the nation and the world.  It may be, unbeknownst to the Court, that the Plaintiff already received maximum statutory damages from the same alleged transaction or occurrence such that Plaintiff has already been made whole.

Nothing short of full disclosure and setoff would allow Doe 1,366 to be aware of Plaintiff's entitlement, if any, to the damages it claims to remain joint and severally outstanding and arising from the same transaction and occurrence theory it relies upon for joinder in this action.  It would be an injustice to allow Plaintiff's claim for joint and several liability to stand where Plaintiff has already made an election of remedies to accept undisclosed settlements severally.  <u>U.S. v. Eli R. Price, Executor of Joseph Archer</u>, 50 U.S. 83, 94 (1850) ("But having once made his election and obtained a joint judgment, his bond is merged in the judgment, *quia transit in rem judicatam*.  It is essential to the idea of election that a party cannot have both.")

MALIBU cannot have it both ways.  Thus, if the Court were to find that Plaintiff sufficiently implied commonality in the same transaction or occurrence or joint and several liability (despite the omission of any such language), by pleading same swarm/hash, the remedy[4] is inconsistent with the cause of action, fails to state a cause of action, and must be dismissed because the complaint seeks non-cumulative statutory damages per defendant.

**IV.   Conclusion.**

Defendant, JOHN DOE, prays for an order against Plaintiff, MALIBU MEDIA, LLC, that:

1. quashes the Subpoena due to Plaintiff's failure to join indispensable parties to the action; or

2. in the alternative, grants a protective order against the release of Defendant's information <u>or</u> restricts that any release be made under seal; <u>and</u>

3. awards JOHN DOE his/her reasonable attorney's fees and costs incurred herein; and

4. orders that Plaintiff, MALIBU MEDIA, LLC, take nothing by way of its subpoena or its Complaint; <u>and</u>

---

[4] Again, this is not an election of remedies argument but stated to show that joinder is improper when the remedy sought is several.

5. orders that JOHN DOE go hence without day; <u>and</u>

6. grants such other relief this Honorable Court deems equitable and just under the circumstances.

                              Respectfully submitted by:

                              **WILLIAM R. WOHLSIFER, PA**

    By: <u>/s/ William R. Wohlsifer</u>
        William R. Wohlsifer, Esquire
        Fla. Bar No: 86827
        1100 E Park Ave Ste B
        Tallahassee, Florida 32301
        Tel: (850) 219-8888
        Fax: (866) 829-8174
        E-Mail: william@wohlsifer.com
                    paralegal@wohlsifer.com

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)</u>

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

    By: <u>/s/ William R. Wohlsifer</u>
        William R. Wohlsifer, Esquire
        Fla. Bar No: 86827

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties receiving electronic notification via Florida Courts E-Filing Portal as of January 14, 2015, and as of this date there are no non-Portal users.

I also certify that on January 14, 2015, a copy of the foregoing was sent via facsimile to: Luis Benevides, Authorized Agent for Custodian Records, Bright House Networks, 46000 Center Oak Plaza, Sterling, VA 20168 (Fax #: 571-434-3401).

    By: <u>/s/ William R. Wohlsifer</u>
        William R. Wohlsifer, Esquire
        Fla. Bar No: 86827