UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                           CASE NO. 8:14-cv-2341-T-23EAJ

JOHN DOE,

    Defendant.
_____/

**<u>ORDER</u>**

On September 17, 2014, the plaintiff sued (Doc. 1) the defendant. Rule 4(m), Federal Rules of Civil Procedure, allows the plaintiff 120 days from the filing of the complaint to serve the defendant. The time for the plaintiff to serve the defendant expired on January 15, 2015. On January 14, 2015, the plaintiff moved (Doc. 10) for an extension of time to serve the defendant. Under Rule 4(m), Federal Rules of Civil Procedure, an extension is granted only if the plaintiff "show[s] good cause for the failure" to serve.

A January 15, 2015 order (Doc. 12) explains that the plaintiff's motion failed to show good cause. The order explains:

> [T]he plaintiff states, "Plaintiff issued [a] subpoena on December 2, 2014, and is expecting to receive the response on January 16, 2015." (Doc. 10 at 2) Seventy-six days passed between the start of this action and the issuance of the plaintiff's subpoena, and the plaintiff offers no

> reason for the delay. Accordingly, the plaintiff fails to offer sufficient information to determine whether the plaintiff pursued this action with due diligence.

(Doc. 12 at 1–2)  Nonetheless, the order permits the plaintiff to correct the deficiency by showing good cause.

The plaintiff's response explains that an inexperienced paralegal (who substituted for an experienced paralegal on maternity leave) forgot to file the motion for leave to subpoena a non-party.  However, "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted).  Thus, a plaintiff cannot show good cause by blaming a paralegal, especially an inexperienced replacement paralegal.  For example, facing even more excusable circumstances, the plaintiff in *Micciche v. Kemper National Services*, 560 F. Supp. 2d 204, 209–10 (E.D.N.Y. 2008) (Irizarry, J.), failed to establish good cause:

> Plaintiff's counsel . . . attempts to establish excusable neglect by citing "numerous problems with the process server" and "absence of the full time paralegal who was out on maternity leave," which purportedly left the office "severely understaffed" and unable to perform "normal follow up procedures." Circumstances such as these fail to establish excusable neglect.

(citation omitted); *accord Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988) (Wood, J.) ("Courts that have considered this issue . . . agree that counsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause.").

Accordingly, the plaintiff's motion (Doc. 10) for an extension of time to serve the defendant is **DENIED**, and this action is **DISMISSED**. The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on January 23, 2015.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE